UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA ZASLAVETS,<br><br>*Plaintiff,*<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. TRANS UNION LLC, AND VERIZON COMMUNICATIONS, INC.,<br><br>*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Regina Zaslavets ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Verizon Communications, Inc. ("Verizon" or the "Furnisher Defendant"), and against Defendants Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") ( Experian and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Staten Island, New York.

6. Defendant Verizon is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

9. Plaintiff owned a residence with her then-husband in 2022.

10. A Verizon utility account, opened November 3, 2016 ("Verizon Account"), provided internet for the marital residence.

11. In or around 2022, Plaintiff and her husband divorced.

12. In November 2022, the Verizon Account went into collections.

13. By order of the Supreme Court of the State of New York County of Richmond, dated December 4, 2023, all payments for utility accounts in connection with the marital residence prior to June 2023 would be the sole responsibility of Plaintiff's ex-husband.

14. Nevertheless, Verizon reported that Plaintiff was liable for a collection account to Defendants Experian and Trans Union, despite the subject Verizon Account being the

responsibility of Plaintiff's ex-husband. The false reporting of a collection account is herein the "False Collection Notation."

15. Plaintiff disputed the False Collection Notation with Experian and Trans Union, and included the Court order proving she was not responsible for the account in that time period, although neither the CRA Defendants nor Verizon conducted reasonable reinvestigations of her disputes.

16. Among other examples of defamatory publications, Experian published the False Collection Notation to Capital One on September 06, 2024 after Plaintiff disputed the False Collection Notation. This publication defamed Plaintiff, thereby:

    a. Giving Capital One the false impression that Plaintiff was a poor credit risk.
    b. Impugning Plaintiff's reputation and character.
    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

17. Among other examples of defamatory publications, Trans Union published the False Collection Notation to Capital One on September 06, 2024 after Plaintiff disputed the False Collection Notation. This publication defamed Plaintiff, thereby:

    a. Giving Capital One the false impression that Plaintiff was a poor credit risk.
    b. Impugning Plaintiff's reputation and character.
    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Dispute*

18. By letter dated August 8, 2024, Plaintiff disputed the False Collection Notation to Experian ("Experian Dispute").

19. Upon information and belief, Experian notified Verizon about the Experian Dispute.

20. After Plaintiff's dispute and upon information and belief, Verizon verified to Experian that the False Collection Notation was reporting accurately even though Verizon could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

21. Experian, in turn, continued to report the disputed False Collection Notation even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated September 03, 2024.

*Trans Union Dispute*

22. By letter dated August 8, 2024, Plaintiff disputed the False Collection Notation to Trans Union ("Trans Union Dispute").

23. Upon information and belief, Trans Union notified Verizon about the Trans Union Dispute.

24. After Plaintiff's dispute and upon information and belief, Verizon verified to Trans Union that the False Collection Notation was reporting accurately even though Verizon could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

25. Trans Union, in turn, continued to report the disputed False Collection Notation even though, had Trans Union performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Trans Union informed Plaintiff of its conclusion in dispute results dated August 29, 2024.

**Damages**

26. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to

the FCRA.

27. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

28. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

29. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, apprehension about applying for credit, depression, and instances of crying.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

30. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

31. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY VERIZON COMMUNICATIONS, INC.
## (FURNISHER DEFENDANT)

32. Because of its unlawful reporting and verifications of the False Collection Notation, Furnisher Defendant Verizon is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the False Collection Notation reporting on Plaintiff's Experian and Trans Union credit reports after, upon information and belief, Verizon received notice of Plaintiff's disputes from Experian and Trans Union;

    b. failing to review all relevant information provided to Verizon by Experian and Trans Union concerning Plaintiff's disputes of the False Collection Notation;

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed False Collection Notation that Verizon, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d. falsely representing to Experian and Trans Union that the False Collection Notation accurately reflected Plaintiff's liabilities.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC
## (CONSUMER REPORTING AGENCIES)

*Violations of FCRA § 1681e(b)*

33. Experian and Trans Union violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian and Trans

Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the False Collection Notation.

*Violations of FCRA § 1681i*

34. Experian and Trans Union each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the False Collection Notation after Plaintiff disputed its accuracy to determine whether the False Collection Notation was accurately reporting.

35. Experian and Trans Union each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the False Collection Notation.

36. Experian and Trans Union each violated FCRA § 1681i(a)(5) by failing to promptly delete the False Collection Notation from their respective consumer files for Plaintiff despite the fact that Experian and Trans Union, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all

issues so triable.

                                            */s/ Brett D. Sherman*
                                            Brett D. Sherman
                                            **Sherman & Ticchio PLLC**
                                            brett@st-legal.com
                                            120 N. Main Street Suite 302(b)
                                            New City, NY 10956
                                            212.324.3874